IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID WAYNE JONES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0261-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner David Wayne Jones, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner was convicted of possession with intent to deliver more than 200 grams but less than 400 grams of methamphetamine and sentenced to 30 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Jones*, No. 61,155-01 (Tex. Crim. App. Feb. 9, 2005). Petitioner then filed this action in federal court.

II.

In two related grounds for relief, petitioner contends that he was denied the right to appeal his conviction and sentence due to ineffective assistance of counsel.

As part of his answer, respondent argues that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner previously addressed the limitations issue in a written reply filed on March 16, 2006. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 30 years in prison on a state drug charge. Judgment was entered on March 17, 2004 and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on April 16, 2004. *See* TEX. R. APP. P. 26.2. Petitioner filed an application for state post-conviction relief on December 15, 2004. The application was denied on February 9, 2005. Petitioner filed this action in federal court on January 17, 2006.

The AEDPA statute of limitations started to run on April 16, 2004 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from December 15, 2004 until February 9, 2005, a total of 56 days, while a properly filed application for state post-conviction relief was pending. *See* 28 U.S.C. § 2244(d)(2). Even allowing for this tolling period, petitioner still waited more than one year before seeking federal habeas relief. In an attempt to excuse this delay, petitioner argues that the Texas Court of Criminal Appeals never informed him of the disposition of his state writ, which he believes is still pending. Although petitioner received a postcard notifying him that his writ was denied on February 9, 2005, the card referenced writ number "WR-61,155-01" and trial court number "03131." (*See* Pet. Reply, Exh. E). Petitioner maintains that those are not the correct case numbers[1] and that multiple inquiries regarding the status of his state writ have been ignored. However, any confusion rests solely with petitioner. When petitioner filed his state writ in the trial court, the clerk docketed the pleading under case number "03131." The Texas Court of Criminal Appeals assigned writ number "WR-61,155-01" to the file when the pleadings were forwarded by the trial court. A postcard dated January 20, 2005, advising

---

[1] Petitioner believes that his state writ was assigned number "21355" by the trial court and "WR-61,267-01" by the Texas Court of Criminal Appeals. Although the underlying criminal action was docketed under case number "21355," the record clearly shows that petitioner's application for writ of habeas corpus was assigned number "03131" by the trial court and "WR-61,155-01" by the Texas Court of Criminal Appeals. Writ number "WR-61,267-01" refers to an application for writ of mandamus filed by petitioner on February 1, 2005, not his application for writ of habeas corpus presented to the Texas Court of Criminal Appeals on January 20, 2005. (Pet. Reply, Exh. E).

petitioner that his application for writ of habeas corpus had been received and presented to the Texas Court of Criminal Appeals, contains the correct docket numbers. (*Id.*). Those same docket numbers appear on the postcard dated February 9, 2005, advising petitioner that his writ had been denied. (*Id.*). There is absolutely no evidence that petitioner was "actively misled by the defendant . . . or [was] prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Consequently, equitable tolling is not warranted.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 23, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE